*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBBIE DESHAWN TAYLOR,

Defendant-Appellant.

UNPUBLISHED
March 09, 2026
2:13 PM

No. 363131
Wayne Circuit Court
LC No. 15-005089-02-FC

Before: RIORDAN, P.J., and MURRAY and MALDONADO, JJ.

MURRAY, J., (*concurring*).

The majority opinion, which I join, correctly resolves the issues presented by defense counsel in the brief on appeal. The problem is that those issues were not the ones the Supreme Court directed us to consider. What has occurred here procedurally is unique, and as far as I can tell, not permitted by the court rules. As recounted by the Court's opinion, defendant filed in the Supreme Court an *in propria persona* application for leave to appeal from our Court's order denying leave to appeal an order denying his motion for relief from judgment. In that application defendant raised three issues, each of which challenged this Court's prior opinion affirming defendant's conviction and sentence on direct appeal. After the prosecutor responded per Supreme Court order to do so, the Court remanded the application to be considered by this Court "as on leave granted." So far so good.

But then, with appointed appellate counsel now representing him, defendant's brief on appeal bears no mention of the issues raised in the application, and instead raises new issues. In my view, the court rules do not allow this expansion without approval from this Court or the Supreme Court.

Under MCR 7.205(E)(4), when we grant leave to appeal—and that is the status of this case since the Supreme Court ordered that we consider the matter "as on leave granted"—"the appeal is limited to the issues raised in the application and supporting brief," unless otherwise ordered. No order expanded the issues that could be presented in the appeal. If defense counsel determined that additional issues should be raised in the appeal, a motion to file a supplemental brief should

-1-

have been filed, MCR 7.211(A), and if granted, counsel could have filed a supplemental brief raising these three new issues, along with the principal brief addressing the arguments raised by defendant in the application. Ignoring the court rules and Supreme Court order is not the way to proceed, and now we are left resolving issues the Supreme Court never directed us to decide. Additionally, because of the issues briefed, defendant ignores the foundational requirements required to bring a motion for relief from judgment, see MCR 6.508, even though the order appealed is one denying defendant's motion for relief from judgment.

I consider the issues raised in the application to be abandoned, but because the majority opinion properly resolves the issues raised in the application and subsequent principal brief, I concur in that opinion.

/s/ Christopher M. Murray